[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12485
Non-Argument Calendar

_____

D. C. Docket No. 05-01873-CV-JEO-W

LINDA CASHMAN,

Plaintiff-Appellant,

versus

UNIVERSITY OF ALABAMA BOARD OF TRUSTEES,
LYNDA GILBERT,
BILL MCREYNOLDS,
CHARLOTTE HARRIS,
DR. ROBERT E. WITT,
in their official and individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 21, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Linda Cashman appeals the district court's order granting summary judgment in favor of her former employer, the University of Alabama, on her claims of gender discrimination, retaliation, and violation of her Fourteenth Amendment right to procedural due process, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a) ("Title VII"), and 42 U.S.C. § 1983.

The district court denied her gender discrimination claim because she failed to make out a prima facie case, and, alternatively, because she could not show that the University of Alabama's legitimate, non-discriminatory reason for her termination was a pretext for discrimination. The district court denied Cashman's retaliation claim because she could not show that the University of Alabama's legitimate, non-discriminatory reason for failing to hire her for the position of Associate Director of Housing Operations was a pretext for discrimination. The district court denied Cashman's due process claim because she was an at-will employee and, thus, had no property interest in her continued employment. We affirm.

We need not address the question of whether Cashman established a prima

facie case of gender discrimination because the district court did not err in concluding that she did not establish that the reason for her termination was a pretext for gender discrimination. Here, the defendants proffered a legitimate, non-discriminatory reason for terminating Cashman, namely, that they wanted to outsource her interior design duties to an outside contractor in order to save costs and achieve standardization across the campus. Cashman did not provide evidence showing that this reason was a pretext for gender discrimination. The fact that Cashman's immediate supervisor initially supported an upgrade in her position does not show that the University's ultimate decision to outsource Cashman's duties was a pretext for gender discrimination.

We also find no error in the Summary Judgment granted to the defendants on Cashman's retaliation claim. The defendants provided several legitimate reasons for not hiring Cashman for the ADHO position at issue which included the fact that the individual ultimately hired had participated in a large construction project, while Cashman did not demonstrate knowledge of the construction aspects of new residence halls. Cashman's applicant history sheet indicated that she was not hired because she had "less relevant experience" than the other candidate and Cashman did not produce evidence that the proffered reason was a pretext for retaliation. Although Cashman was more experienced in interior design than the

3

person who was hired, the ADHO position did not involve significant interior design functions. Instead, the ADHO position required (1) knowledge of mechanical systems and construction codes; (2) knowledge of furniture types and standards for adherence to federal fire safety codes; (3) knowledge of cleaning techniques and chemical applications; (4) proficiency in data base management and inventory system management; and (5) excellent communication skills. Cashman did not show that she was more qualified as to her knowledge of mechanical systems and construction codes, cleaning techniques and chemical applications, and data base management and inventory system management.

Finally, we find no error in the disposition of Cashman's due process claims. Cashman did not establish that she was a "permanent" employee and thus possessed a property interest in her employment under Alabama law. The University of Alabama Staff Handbook contains the following provision:

> The State of Alabama is an employment at-will state. This handbook should not be construed as, and does not constitute an offer of employment for any specific duration, nor is it intended to state any terms of employment. Although it is desirable for employees to have a long term employment relationship with the University, either the employee or the University may terminate the relationship at any time, for any reason, with or without notice.

Accordingly, upon review of the record on appeal and consideration of the

parties' briefs, we discern no reversible error, and we affirm the district court's grant of the defendants' motion for summary judgment.

**AFFIRMED.**